WIDENER, Circuit Judge,
dissenting:
I respectfully dissent.
As the majority relates, when the government used the perjured testimony, either knowingly or when it should have known of its falsity, the rule in Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) should apply: “A new trial is required if ‘the false testimony could ... in any reasonable likelihood have affected the judgment of the jury ....’” (quoting Napue v. Illinois, 360 U.S. 264, 271, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959)). In my opinion, the district court correctly noted that “[wjithout Settle’s testimony, the Government’s case would not have been as overwhelming” and that “there was a ‘reasonable likelihood that the jury could have reached a different verdict, if they had known ... that Settle was giving false testimony,”’ as quoted by the majority at 223.
In view of these findings and conclusions of the district court, with which I agree, I am of opinion that the granting of a new trial was not an abuse of discretion.
Since I would grant a new trial, I would not reach the other questions mentioned in the majority opinion and express no opinion as to them.